Battle, J.
 

 We understand the defendant’s counsel to admit the general rule, that, when parties in an action of ejectment claim under the same person, neither can deny the title of him under whom they both claim. But they contend, 1st. That the rule does not extend to a defendant who claims as a purchaser at sheriff’s sale; and, 2dly. That at least it does not apply where the plaintiff’s lessor shows, himself, that the title is in a third person. We are not aware of any principle upon which the first objection can be sustained, and it is directly opposed by the case of Gilliam v. Bird, 8 Ired. Rep. 280, where the defendant claimed from a purchaser at sheriff’s sale, and yet it was not pretended that the rule was excluded on that account.
 

 The second objection is equally unsustained by principle and opposed by authority. In Murphy v. Barnett, 2 Murp. Rep. 251, (S. C. 1 Car. Law. Rep. 105,) which is the first reported case in which the doctrine was judicially settled, this very objection was raised and overruled. The subject has been so often discussed in several recent cases, that it is unnecessary for us to add anything more than the following extract from the
 
 *550
 
 opinion in Johnson v. Watts, decided at the last December Term, in Raleigh, and reported, ante. 228. That case is very much like this, so far as'the objection under consideration is concerned, and it needs only the change of names to make the extract fit the case now before us: “ The defendant, in a case like the present, can defend himself only by showing that ho has a better title in himself than that of the plaintiff's lessor, derived either from the person under whom they both claim, or from some other person who had such better title. Love v. Gates, 4 Dev. and Bat. 363, and Copeland v. Sauls, decided at the present term, (ante. 70.) It is not a case strictly of estoppel, but one founded in justice and convenience. Nor is the present a case of landlord and tenant, as the defendant’s counsel has contended, where the landlord’s title has expired, but depends upon the just and convenient principle above stated. As both parties derived title under William Mackey, who was once in possession claiming the fee, neither is at liberty to show that such title is not a good and subsisting one. Unless the defendant can show that he has in himself the outstanding title of Cherry’s heirs, the lessor of the plaintiff must recover.” (See also Thomas v. Kelly, decided at last term at Raleigh, and not yet reported, ante. 375.) Here the defendant has offered no such proof, and the judgment in favor of the plaintiff must be affirmed.
 

 Pee. Cueiam. Judgment affirmed. »